OPINION
Dean M. Karns is appealing from the decision of the Municipal Court of Fairborn, Ohio, awarding damages to the plaintiffs to compensate them for the negligence of his son, Dean E. Karns, in attempting to repair a motor vehicle owned by the plaintiffs. Karns' assignment of error was that the judgment was against the manifest weight of the evidence, but the only issue he raises was that the court erred in finding that a principal-agent relationship existed between Dean M. Karns and his son.
The trial court addressed that issue in its judgment entry, as follows:
 DID A PRINCIPAL-AGENT RELATIONSHIP EXIST BETWEEN THE DEFENDANT AND HIS SON?
 Everyone agrees that a principal-agent relationship exists "when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks." Hanson vs. Kynast (1986), 24 Ohio St.3d 171, 494 N.E.2d 1091.
 The facts in Hanson are not similar to those in the instant case, but the principles of law remain the same. The degree of control necessary to establish agency has not been clearly defined, which means the courts must examine various factors in determining whether the requisite amount of control exists.
 It is obvious that Plaintiff Michael Sawyer and Defendant gave bipolar testimony about this incident. From the evidence presented, the Court finds that Plaintiffs and Defendant had a prior professional relationship of at least four years during which time Defendant repaired Plaintiffs' vehicle somewhere between 8 and 20 times. (Tr. pp. 7, 55, 65). On each of these occasions, just as in this case, Plaintiff Michael Sawyer would call the phone number on Defendant's business card (Plaintiffs' Exh. 1) and take the vehicle (or have it towed) to Defendant's business/residence on Rowland Drive in Fairborn, Ohio. The Court further finds, from credible, uncontroverted testimony that on one of these occasions he met Defendant's son, Dean E. Karns, at his father's garage/residence, at which time Defendant's son had car parts with him and told Plaintiff he worked on cars also (Tr. p. 10-11).
 In early January, 1997, Plaintiff Michael Sawyer called Defendant's business number and left a message that he was having his car towed there for repairs (Tr. p. 14). The Court finds from credible, uncontroverted testimony upon his arrival at Defendant's business, Plaintiff was greeted by Defendant's son who agreed to repair the vehicle since his dad was out of town but assured Plaintiff he would be in touch with Defendant (Tr. pp. 14, 20). The payment for the repairs was made in the form of a check made payable, at the request of Dean E. Karns, to "Dean Karns" (Plaintiffs' Exh. 2). A receipt for payment was signed by "D.K., Jr." (Plaintiffs' Exh. 3).
 On several occasions during the repair process Defendant's son told Plaintiffs he had spoken or would speak with his father about the repairs (Tr. pp. 20, 25, 38). Over the course of these events, Defendant admits speaking to his son approximately seven times and speaking to Plaintiff Michael Sawyer approximately 4 times about the repairs (Tr. pp. 64-65, 69). In February, 1997 Defendant called Plaintiff about options for further car repair (Tr. pp. 26, 34-35). The Court further finds that, at the very most, Carl Brewer's only connection with this incident was perhaps an attempt to bail Dean E. Karns out of a bad situation.
 These findings of facts clearly show that Defendant exercised the right of control over Dean E. Karns for the purpose of establishing an agency relationship. Just because Defendant denies the agency relationship, doesn't make it so. "[T]he manner in which the parties designate the relationship is not controlling, and if an act done by one person on behalf of another is in its essential nature one of agency, the one is the agent of such other notwithstanding he is not so called," American States Ins. Co. v. Lauf (Dec. 19, 1985), Putnam App. No. 12-85-1, Unreported, quoting 3 Am. Jur. 2d (1962) 430-431, Agency, Section 21.
 It was reasonable for Plaintiffs to have assumed that Defendant's son, who worked on cars, and was working at Defendant's place of business during his father's absence and was in regular contact with Defendant during the time of the repairs, was indeed an agent of Defendant, and the Court so finds.
Docket 30.
We have read the entire record of this case, including the 79-page transcript of the bench trial conducted before the magistrate, and indeed find that the court's decision on the issue raised is supported by competent, credible evidence, and as such it will not be disturbed on appeal. C. E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, syllabus.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and KERNS, J., concur.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Jeffrey R. McQuiston
Richard Hempfling
HON. CATHERINE M. BARBER